**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1318-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CHRISTOPHER HALL,

     Defendant-Appellant.

_____

        Submitted March 15, 2021 – Decided June 30, 2021

        Before Judges Mayer and Susswein.

        On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 03-07-0677.

        Christopher Hall, appellant pro se.

        Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

     Defendant appeals from a September 4, 2019, Law Division order denying his motion to correct an illegal sentence. He claims he was denied the right to

allocute at resentencing. He also claims his trial counsel rendered ineffective assistance. Judge Miguel A. de la Carrera rejected those claims in a concise written opinion. We affirm substantially for the reasons explained by Judge de la Carrera.

In 2004, defendant was convicted at trial for first-degree robbery, N.J.S.A. 2C:15-1 and 2C:2-6, second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). At sentencing, the judge merged the first-degree robbery and second-degree firearm convictions and imposed an extended term of fifty-five years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The court imposed a separate five-year term on the conviction for unlawful possession of a weapon and ordered that sentence to be served consecutively to the sentence imposed on the armed robbery. On direct appeal, we affirmed defendant's trial convictions but overturned the sentencing court's decision to impose consecutive sentences. We remanded for the purpose of resentencing defendant to serve concurrent sentences. State v. Hall, No. A-2652-05 (App. Div. April 24, 2008).

On June 12, 2008, defendant was resentenced in accordance with our remand instructions to an aggregate fifty-five-year prison term subject to NERA.

The Supreme Court denied defendant's petition for certification. State v. Hall, 196 N.J. 343 (2008). In September 2008, defendant filed a petition for post-conviction relief (PCR). That petition was denied on January 23, 2009.

On August 24, 2019—eleven years after he was resentenced—defendant filed the present motion to correct an illegal sentence. Defendant raises the following contentions for our consideration:

> POINT I
>
> THE LAW DIVISION JUDGE FAILED TO AFFORD APPELLANT THE RIGHT TO ALLOCATION BEFORE A NEW SENTENCING TERM WAS IMPOSED IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
>
> POINT II
>
> APPELLANT'S RIGHT TO DIRECT APPEAL WAS DENIED DUE TO INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, FAILURE TO COMMUNICATE WITH APPELLANT [AND] DILIGENTLY REVIEW TRIAL AND SENTENCING TRANSCRIPTS FOR ADEQUATE BRIEFING, APPELLANT WAS DEPRIVED OF A GUARANTEED RIGHT TO COUNSEL IN VIOLATION OF BOTH FEDERAL [AND] STATE CONSTITUTIONS.

Rule 3:21-4(b) provides, in pertinent part, that "[b]efore imposing sentence the court shall address the defendant personally and ask the defendant

if he or she wishes to make a statement in his or her own behalf and to present any information in mitigation of punishment." In <u>State v. Jones</u>, our Supreme Court stressed that a deprivation of the right to allocute pursuant to <u>Rule</u> 3:21-4(b) is structural error, requiring a remand without regard to whether there had been a showing of prejudice. 232 N.J. 308, 318–19 (2018).

Defendant does not dispute—and the record clearly shows—he was accorded the right of allocution at his initial sentencing hearing, at which time he personally addressed the court. The narrow issue before us is whether defendant had a right to personally address the resentencing court on remand. We hold that in the particular circumstances of this case, given the nature and reason for the remand proceeding, defendant did not have a right to make a personal statement to the resentencing judge.

In defendant's initial appeal, we agreed with his sentencing argument, holding,

> in imposing consecutive terms, the sentencing judge relied on some of the same factors that the Legislature invoked to establish the elevated degree of the crime as well as the enhanced nature of the Graves Act sentence. As noted, the presence of the handgun raised defendant's conviction from a second-degree crime to a first-degree offense, N.J.S.A. 2C:15-1(b), and formed the basis for the Graves Act extended-term sentencing. N.J.S.A. 2C:43-6(c). As such, a consecutive sentence for possessing a firearm without a permit would amount

to double counting of an aggravating factor. Accordingly, Yarbough[1] factor 4 also weighs in favor of a concurrent sentence. In sum, the clear weight of Yarbough factors, both qualitatively and quantitatively, favor imposition of concurrent terms and the court's decision to the contrary is a mistaken exercise of discretion. The matter is remanded for resentencing . . . .

[State v. Hall (slip op. at 35).]

We do not believe defendant was entitled under Rule 3:21-4(b) to a second allocution at resentencing when, as in this instance, the sole purpose of the resentencing proceeding on remand was to make the previously-imposed prison terms run concurrently rather than consecutively. The court on remand dutifully amended the original sentence in accordance with our instructions. See Tomaino v. Burman, 364 N.J. Super. 224, 232–33 (App. Div. 2003) (recognizing "it is the peremptory duty of the trial court, on remand, to obey the mandate of the appellate tribunal precisely as it is written") (quoting Jersey City Redevelopment Agency v. The Mack Props. Co. No. 3, 280 N.J. Super. 553, 562 (App. Div. 1995)). Our remand instructions left no room for the resentencing court to exercise discretion. Accordingly, there was no need for a new round of allocution.

---

1  State v. Yarbough, 100 N.J. 627 (1985).

A-1318-19

To the extent we have not specifically addressed them, any additional arguments defendant raises concerning the sentence lack sufficient merit to warrant discussion in this opinion.  R. 2:11-3(e)(2).

We likewise reject defendant's newly-minted contention that his counsel rendered ineffective assistance.  As Judge de la Carrera correctly noted, this contention was improperly raised in defendant's motion to correct an illegal sentence and should have been raised in the petition for PCR defendant filed in September 2008. We note that Rule 3:22-4 imposes limits on when a second or subsequent PCR petition may be filed.  Rule 3:22-12 also imposes time limits on when initial and subsequent PCR petitions may be filed.  Defendant's submissions in support of the present motion to correct an illegal sentence do not address these procedural limitations.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1318-19